```
GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA  92101
(619) 338-0507
E-mail:  gtmfadden@hotmail.com


Attorney for Defendant
JOSE PARADA-VELAZQUEZ
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. Case No. 08CR0682-07-JLS |
| Plaintiff, ) | STATEMENT OF FACTS AND POINTS AND AUTHORITIES |
| v. ) | IN SUPPORT OF MOTIONS |
| JOSE PARADA-VELAZQUEZ, ) | |
| Defendant. ) | NCD:  June 13, 2008 at 1:30 p.m. |

## I. STATEMENT OF FACTS

The defendant, JOSE PARADA-VELAZQUEZ, is charged in this multi-count multiple defendant alien smuggling indictment as set out in the previously filed discovery motion at CR 50-2.

While the defense does not yet have any discovery report regarding the arrest, it appears that the defendant was arrested on about March 12, 2008, on a warrant based on the indictment.

While the defense does not yet have any discovery report regarding a search and seizure, the government has informally advised there may be such evidence.  The defense requests leave to bring a motion if appropriate upon receipt of search information.

While the defense does not yet have any discovery report — including a copy of *Miranda* warnings or waiver thereof — the defense has received a video of post-arrest questioning.  Based on the video itself, it is unlikely that the defendant's post-arrest custodial questioning was not preceded by a knowing and intelligent waiver of his privilege against self-incrimination and his right to

1 retained or court-appointed counsel.

2 The video of the post-arrest questioning shows that immediately after the law enforcement
3 agent reads the defendant rights in Spanish; the defendant asks am I going to talk to an attorney and
4 the agent responds no, right now do you understand your rights. And the interrogating agent never
5 directly revisited the matter. (See the attached declaration of Investigator Alejandro Amigo).

## II. POINTS AND AUTHORITIES

7 A. <u>MOTION TO SUPPRESS STATEMENTS MADE BY THE DEFENDANT AS OF
8 THE TIME THE DEFENDANT WAS IN CUSTODY</u>

9     1. <u>Introduction</u>

10 The defense moves to suppress any and all statements of defendant after custody and any
11 fruits thereof on <u>Miranda</u>, and voluntariness grounds.

12 The declarations of the defendant and Spanish-speaking investigator Alex Amigo are
13 attached.

14 The defense requests that the motion to suppress be granted on the face of the record.

15 Alternatively, the defense requests an evidentiary hearing.

16 The declaration of the defendant alone demonstrates that the defendant was subjected to
17 custodial interrogation, that questioning proceeded without the presence of an attorney, and a
18 statement was taken. As a result, as a matter of constitutional law, the government must meet a
19 "heavy burden" of demonstration that "the defendant knowing and intelligently waived his privilege
20 against self-incrimination and his right to retained or appointed counsel." <u>Miranda</u> v. <u>Arizona</u>, 384
21 U.S. 436, 475 (1966).

22     2.. <u>Miranda</u>

23 An individual is in custody when, under the circumstances, "a reasonable person [would]
24 have felt he or she was not at liberty to terminate the interrogation and leave." <u>Thompson</u> v.
25 <u>Keohane</u>, 516 U.S. 99, __, 116 S.Ct. 457, 465 (1995).

26 The Government must prove that this defendant knowingly, intelligently, and voluntarily
27 waived his rights against self-incrimination and to counsel, and must prove that the statements taken
28 from this defendant were obtained in compliance with the defendant's Fifth and Sixth Amendment

2

rights in the context of custodial interrogation. <u>Miranda</u> v. <u>Arizona</u>, *supra*, 384 U.S. 436, 445, 86 S.Ct. 1602, 1612, 16 L.Ed. 694 (1966).

> "Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: <u>the prosecution may not use statements</u>, whether exculpatory or inculpatory, <u>stemming from custodial interrogation</u> of the defendant <u>unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination</u>. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned." <u>Id.</u> at 384 U.S. at 445, 86 S.Ct. at 1612, 16 LED.2d at 706-07. (Footnote omitted.) (Emphasis added.)

> "If the interrogation continues without the presence of an attorney and a statement is taken, <u>a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.</u> This Court has always set high standards of proof for the waiver of constitutional rights, and we re-assert these standards as applied to in-custody interrogation. Since the <u>State</u> is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, <u>the burden is rightly on its shoulders</u>." <u>Id.</u>, 384 U.S. at 475, 86 S.Ct. at 1628. (Citation omitted.) (Emphasis added.)

The failure to advise a defendant that anything said "can and will" be used against you render warnings inadequate. As the Ninth Circuit stated in <u>Collazo</u> v. <u>Estelle</u>, 940 F.2d 411, 418 (9th Cir. 1991) (*en banc*), <u>cert.</u> <u>denied</u>, 112 S.Ct. 870 (1992):

> "<u>Miranda's</u> stated purpose [is] of making 'the individual more acutely aware that he is faced with a phase of the adversary system - that he is not in the presence of persons acting solely in his interest.'"

3

1       The Court referenced that part of the Miranda decision where the Supreme Court stated:

> "The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court. This warning is needed in order to make him aware not only of the privilege, but also of the consequences of forgoing it. It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege. Moreover, this warning may serve to make the individual more acutely aware that he is faced with a phase of the adversary system--that he is not in the presence of persons acting solely in his interest." Miranda v. Arizona, 348 U.S. 436, 469 (1966). (Emphasis added.)

Under the circumstances here, the questions were reasonably likely to elicit an incriminating response from the suspect when they were asked; and so, had to be preceded by Miranda warnings. United States v. Mata-Abundiz, 717 F.2d 1277 (9th Cir. 1983).

Finally, in the absence of discovery, it is unknown if Missouri v. Seibert, 542 U.S. 600, 124 S.Ct. 2601 (2004) is applicable. The Court must suppress the post warning confession obtained during a deliberate two-step interrogation — within the meaning of Seibert — where the midstream Miranda warning was objectively ineffective to apprise the suspect of his rights. United States v. Williams, 435 F.3d 1148, 1150, 1159 (9th Cir. Jan. 30, 2006).

Voluntariness.

Before a confession or any self-incriminating statement made orally or in writing is admissible in evidence, the Court must determine that the confession was given voluntarily. Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 626, 30 LED 2d 618 (1972); 18 U.S.C. §3501(a). The government bears the burden of establishing the confession's voluntariness. Lego v. Twomey, *supra*; United States v. Jenkins, 938 F.2d 934, 937 (9th Cir. 1991).

> "The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker: If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." Schneckloth v. Bustamonte, 412 U.S. 218, 225-26, 93 S.Ct. 2041, 36 LED 2d 854 (1973). United States v. Jenkins, 938 F.2d 934, 938 (9th Cir. 1991).

Also "the admissibility of a confession turns as much on whether the techniques for extracting the statements ... are compatible with a system that presumes innocence and assures that a

conviction will not be secured by inquisitorial means as on whether the defendant's will was in fact overborne." Miller v. Fenton, 474 U.S. 104, 116, 106 S.Ct. 445, 452, 88 LED. 2d 405 (1985); United States v. Jenkins, *supra*.

In considering whether a confession is voluntary the Court must take into consideration all the circumstances surrounding the giving of the confession. Schneckloth v. Bustamonte, 412 U.S. 218, 226-27, 93 S.Ct. 2041, 2047, 36 LED. 2d 854 (1973); 18 U.S.C. §3501(b). Relevant factors include past history, education, delay, threats, and promises. An unlawful arrest is a relevant factor. A Court must specifically consider the following five factors under 3501(b):

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was
>
> without the assistance of counsel when questioned and when giving such confession.

B. **LEAVE TO FILE FURTHER PRETRIAL MOTIONS AND FURTHER HEARING DATE**.

The defense requests leave to file further pretrial motions and a further hearing date as the facts are further developed and the defense has had the opportunity to review additional discovery.

### III. CONCLUSION

For these reasons and any further reasons which come to this Court's attention prior to or at the time of the hearing of these motions, counsel respectfully requests that this Court grant these motions.

Respectfully submitted,

Dated: May 30, 2008            s/Gerald T. McFadden
                               GERALD T. McFADDEN, Attorney for
                               Defendant JOSE PARADA-VELAZQUEZ
                               E-mail: gtmcfadden@hotmail.com

5

1  GERALD T. McFADDEN (SBN 87446)
   Attorney at Law
2  2366 Front Street
   San Diego, CA 92101
3  (619) 338-0507
   E-mail: gtmfadden@hotmail.com
4

5  Attorney for Defendant
   JOSE PARADA-VELAZQUEZ
6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                (HON. JANIS L. SAMMARTINO)

11 UNITED STATES OF AMERICA,  )   Crim. Case No. 08CR0682-07-JLS
                              )
12         Plaintiff,         )
     v.                       )
13                            )   DECLARATION OF DEFENDANT
                              )   REGARDING MOTION TO SUPPRESS
14 JOSE PARADA-VELAZQUEZ,     )
                              )
15         Defendant.         )   NCD: June 13, 2008
                              )        at 1:30 p.m.

16

17 I, JOSE PARADA-VELASQUEZ, hereby state under penalty of perjury, that:

18    I am charged as a defendant in the indictment in the above-captioned case.

19    I was arrested and taken into custody by United States police on about March 12, 2008.

20    At a police station: I did not have an attorney, I was given some warnings and I asked a

21 question about them, I was questioned about facts which are related to the charges against

22 me in the indictment, and I made statements.

23    Executed this 29 day of May, 2008 at San Diego, California.

24

25                                    _Jose Parada V._
                                      JOSE PARADA-VELASQUEZ

26 I, Alejandro Amigo, defense investigator, translated
27 the above into the Spanish language.
28
                                                         5/09/08

                                      1

1  GERALD T. McFADDEN (SBN 87446)
   Attorney at Law
2  2366 Front Street
   San Diego, CA  92101
3  (619) 338-0507
   E-mail: gtmfadden@hotmail.com
4

5  Attorney for Defendant
   JOSE PARADA-VELAZQUEZ
6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                     (HON. JANIS L. SAMMARTINO)

11  UNITED STATES OF AMERICA,   )   Crim. Case No. 08CR0682-JLS
                                )
12           Plaintiff,         )   DECLARATION OF INVESTIGATOR RE:
                                )   VIDEO OF DEFENDANT'S POST-
13   v.                         )   ARREST STATEMENT
                                )
14  JOSE PARADA-VELAZQUEZ,      )   NCD: June 13, 2008
                                )        at 1:30 p.m.
15           Defendant.         )        Hon. Janis L. Sammartino
                                )

16

17       I, ALEJANDRO AMIGO, declare, under penalty of perjury, as follows:

18       1.  I am the appointed investigator for the above-captioned defendant working for

19           attorney Gerald T. McFadden..

20       2.  I received a DVD-R in discovery from the United States Attorney's Office, marked

21           "OPERATION BLACKJACK, Post Arrest Interview of Jose Parada-Velazquez".

22           This DVD-R contains the video recorded statement of defendant Jose Parada-

23           Velazquez. The defendant was arrested on March 12, 2008 although on the actual

24           video the date is Nov-28-07 at 11:57:50 A, which is in the Spanish Language.

25       3.  I am proficient in the Spanish Language, as it is my secondary native language, and

26           have interpreted and translated for Mr. McFadden on at least more than 100 cases as

27           well as for other attorneys in this District.

28

                                        1

4. I viewed the aforementioned video in the presence of Mr. McFadden and translated to him the actual contents discussed on the video, by all parties.

5. If called as a witness I could attest to the following:

The defendant is questioned by two different agents (referred to as Agent #1 and Agent #2 hereinafter). Agent #1 reads the defendant rights, very fast so the below is not verbatim. After Agent #1 reads the rights, he asks the defendant if he has any questions and the defendant asks "am I going to talk to an attorney", even before the defendant finishes asking this question Agent #1 says "no", while simultaneously waving his hand in the negative. Then Agent #1 tells defendant "no, right now do you understand your rights?". Then Agent #1 advises defendant that they want to talk to him and this is his opportunity to talk and to see what's going on.

Then Agent #2 interrupts and states, to the defendant, "he is reading you your rights because you are being arrested for Title 8 USC 1326, being here illegally". The defendant then states "I'm being arrested for being here illegally?". Agent #1 then tells defendant "amongst other things". Then Agent #1, referring to a document, tells defendant "this is the waiver and these are your words", reading from a form, obviously not in the literal language, then asks the defendant "so you are in agreement to talk with me?". The defendant nods in the affirmative and Agent #1 presents defendant with the referred document for his signature.

Neither Agent #1 nor Agent #2 ever revisited the defendant's question about speaking to an attorney or clarifying Agent #1's statement in response to the defendant's questioning regarding speaking to an attorney and of Agent #1's answer of "no".

I declare under penalty of perjury the aforementioned to be true and correct to the best of my knowledge, under the laws of the United States of America. Signed this 30th day of May 2008 in the City of San Diego, County of San Diego and State of California.

_____
ALEJANDRO AMIGO, Investigator for
Defendant JOSE PARADA-VELAZQUEZ
E-mail: afamigo@hotmail.com

2